# EXHIBIT A

Tyler B. Ayres, Bar No. 9200
Daniel Baczynski, Bar No. 15530
AYRES LAW FIRM
12339 S. 800 E. Ste. 101
Draper UT 84020
(801) 255-5555 Phone
tyler@ayreslawfirm.com
Dan@ayreslawfirm.com
Attorneys for Plaintiff

## FOURTH JUDICIAL DISTRICT COURT
## UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| ELIAS LATOUR, on his behalf and on behalf of a class,<br><br>Plaintiff,<br>vs.<br><br>AMERICATEL CORPORATION,<br><br>Defendant. | **COMPLAINT**<br>(Tier 3)<br><br>Case No:<br><br>Judge: |

Plaintiff, Elias LaTour (LaTour), by and through counsel, Ayres Law Firm, for his Complaint against Defendant, Americatel Corporation (Americatel), states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over all civil matters committed in the State of Utah, and therefore jurisdiction is proper pursuant to Utah Code § 78A-5-102(1).

2. Venue is proper before this Court since the tortious acts were committed in this County. *See* Utah Code § 78B-3-307.

3. Americatel is subject to personal jurisdiction through its continuous and systemic contacts with the state.

1

4. This Complaint seeks damages in excess of $300,000, therefore, the discovery limits of Tier 3 apply pursuant to 26(C) U.R.C.P.

## PARTIES

5. LaTour is a natural born person over the age of 18 and, at all times relevant, was a resident of Utah County, State of Utah.

6. Americatel is a Maryland Corporation with CT Corporation System located at 1108 E. South Union Ave., Midvale, UT 84047, as its registered agent in Utah.

## GENERAL ALLEGATIONS

7. At all material times, LaTour was the continuous subscriber for a specific cellular phone number.

8. In 2017, Americatel began calling LaTour regarding its low rates on cell phone calls.

9. Americatel made three phone calls to LaTour (The Calls) between May and August of 2017.

10. On information and belief, Americatel made The Calls using an Automated Telephone Dialing System (ATDS or Autodialer).

11. LaTour believes Americatel used an autodialer because during the calls, there would be a pause of a few seconds a machine would respond with an automated message.

12. ATDS constitutes an automatic telephone dialing system capable of storing, producing, and dialing any telephone number and storing producing and dialing telephone numbers using a random or sequential number generator.

13. On information and belief, no human entered LaTour's telephone number or delivered the message after LaTour answered his cell phone.

14. The calls were not made for emergency purposes as defined by 47 U.S.C. 227(b)(1)(A)(i).

15. LaTour never gave express consent to allow Americatel to call him on his cellphone using an ATDS.

## COUNT 1

### VIOLATION OF THE FEDERAL TELPHONE CONSUMER PROTECTION ACT

16. LaTour incorporates the factual allegations made in the preceding paragraphs.

17. Americatel made phone calls to the LaTour's cellular phone using an automatic telephone dialing system. No human manually entered the cellular telephone at the time the calls were made. Rather, the ATDS electronically dialed LaTour's number in an automated fashion and connected the call with an automatic message. The ATDS was an automatic telephone dialing system under 47 U.S.C. § 227(a)(1).

18. Americatel did not obtain legally effective prior express consent to call LaTour's cellular telephone number.

19. Americatel violated 47 U.S.C. 227(b)(1)(A)(iii) by placing telephone calls to LaTour that were (1) dialed using an ATDS (2) made to a cellular telephone number and (3) for which Americatel did not have prior express consent.

20. Americatel's violations of the Telephone Consumer Protection Act (TCPA) were willful and/or knowing, and were without the LaTour's consent.

21. Americatel knew that its calls were dialed automatically.

22. Americatel knew that the calls were made to a cellular telephone number.

23. Americatel knew that it did not have LaTour's prior express consent.

24. Through its TCPA violations, Americatel damaged LaTour by invading his privacy and subjecting him to annoying calls. Moreover, the interruptions caused by these calls damaged

3

LaTour because he spent time and effort to receive, answer or retrieve the calls from his voice mail.

25. Americatel used an automatic telephone dialing system for its own convenience and efficiency, and to the detriment of LaTour. This policy improperly shifted the burden of manually dealing with such calls away from Americatel, and onto LaTour.

26. As a result of Americatel's violations of the TCPA, LaTour is entitled to the statutory damages stated in the TCPA, including treble damages to the extent that such violations were willful and/or knowing. 47 U.S.C. § 227(b)(3).

## COUNT II

### VIOLATION OF THE UTAH TELEPHONE AND FACSIMILE SOLICITATION ACT

27. LaTour incorporates the factual allegations made in the preceding paragraphs.

28. Americatel made phone calls to the LaTour's cellular telephone through the use of an automatic telephone dialing system, in violation of §13-25a-103(1).

29. Americatel did not have LaTour's prior express consent to receive a telephone solicitation.

30. LaTour and Americatel did not have an established business relationship.

31. As a result of Americatel's violations of the Utah Telephone and Facsimile Solicitation Act (UTFSA), LaTour is entitled to the statutory damages stated in the UTFSA of $500 and reasonable costs and attorneys' fees.

## CLASS ALLEGATIONS

32. LaTour brings this claim on behalf of a class pursuant to Utah Rule of Civil Procedure 23.

33. The class consists of (a) all individuals in Utah (b) to whom Americatel made a phone call (c) within the last four years (d) dialed using an ATDS (e) made to a cellular telephone number and (f) for which Americatel did not have prior express consent.

34. On information and belief, the class is so numerous that joinder of all members is not practicable. The information relating to the precise number of persons who fall within the respective class is within the control of Americatel.

35. There are questions of law and fact common to the members of each class, which common questions predominate over any questions relating to individual class members (a) whether Americatel made a phone call to class members' cell phone through an ATDS; (b) whether Americatel received express prior consent to make such calls; and (c) whether such practice violates the TCPA and/or the UTFSA.

36. LaTour's claim is typical of the claims of the respective class members. All are based on the same factual and legal theories.

37. LaTour will fairly and adequately represent the members of each class. LaTour has retained counsel experienced in consumer class actions and TCPA litigation.

38. A class action is superior for the fair and efficient adjudication of the claims of the TCPA class, in that:

    a. Individual actions are not economically feasible;
    b. Members of the class are likely to be unaware of their rights;
    c. Congress intended class actions to be an enforcement mechanism under the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE,** the LaTour requests the following relief:

a. Certify the Class and appoint LaTour as the class representative and his counsel as class counsel;

b. Pursuant to the federal TCPA, statutory damages of $500 for each call made that was not willful;

c. Pursuant to the federal TCPA, statutory damages of $1,500 for each call made that was willful;

d. Pursuant to the Maryland TCPA, statutory damages of $500 for each call;

e. Pursuant to the Maryland TCPA, reasonable attorney's fees; and

f. Such other and further relief as the justice of her case may require.

g. Such other and further relief as the court deems appropriate.

Dated this 6th day of June, 2018.

AYRES LAW FIRM

/s/Daniel Baczynski
Attorneys for Plaintiff